**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gregory D. ERICKSON, Defendant–
Appellant.**

**United States of America,
Plaintiff–Appellee,**

v.

**Jason Herrin, Defendant–Appellant.**

Nos. 00–50147, 00–50149.
D.C. Nos. CR–98–00001–RT–
01, CR–98–00001–RT–02.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 12, 2001.

Decided Aug. 31, 2001.

Before FARRIS, SILVERMAN, and PAEZ, Circuit Judges.

### MEMORANDUM *

Gregory Erickson and Jason Herrin appeal the district court's denial of their joint motion to suppress evidence. This court has jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm. Because the parties are familiar with the facts, we will not detail them here except as necessary.

■ A district court's factual findings in support of its denial of a motion to suppress are reviewed for clear error. *United States v. Noushfar*, 78 F.3d 1442, 1447 (9th Cir.1996). Whether an investigatory stop is unreasonably prolonged and escalates into an arrest is reviewed de novo. *United States v. Torres–Sanchez*, 83 F.3d 1123, 1127 (9th Cir.1996). Where the district court makes credibility findings in favor of an officer over a defendant, we will reverse the court's finding that the defendant voluntarily consented to a search only if the finding was clearly erro-

neous. *United States v. Perez*, 37 F.3d 510, 514–15 (9th Cir.1994).

■ Appellants concede that the officers had a legitimate traffic reason to stop them–the cracked windshield. *See* Cal. Veh.Code §§ 26710, 26700(a) (West 2000). As long as the officers had probable cause to stop the car, which they did, it does not matter whether the vehicle code violation was a pretext. *Wren v. United States*, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).

■ Second, appellants allege that their continued detention was unlawful after the officers had completed their investigation of the traffic violation. This contention lacks merit because an officer may broaden the line of questioning after a stop for a traffic violation if there are additional suspicious factors that give rise to a reasonable suspicion of other criminal activity. *See United States v. Murillo*, 255 F.3d 1169, 1174 (9th Cir.2001). These factors must be particularized and objective. *Id.*

■ Here, as the officers investigated the traffic violation, they smelled perfume and air freshener emanating from the vehicle, they observed the appellants' extreme nervousness, and they noted inconsistency in the appellants' stories. These factors, and others, gave the officers adequate reason to investigate further. *United States v. Rojas–Millan*, 234 F.3d 464, 470 (9th Cir.2000); *Perez*, 37 F.3d at 514.

■ Third, appellants allege that their detention was unlawful because it was for an unreasonable amount of time. When reviewing whether the length of detention is reasonable, there is no bright-line time limit, but a court considers "whether the police diligently pursued a means of investigation that was likely to confirm or dispel

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

their suspicions quickly, during which time it was necessary to detain the defendant." *United States v. Sharpe,* 470 U.S. 675, 686, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985).

█ When an officer has reasonable suspicion that other criminal activity is occurring, a short continued detention of the vehicle is justified "between the time the record check was completed and the time consent to search was requested." *Rojas–Millan,* 234 F.3d at 470. Erickson and Herrin were only detained five additional minutes after their license, registration and VINS checked out and before they were arrested. This five-minute detention was not unreasonable. *See Sharpe,* 470 U.S. at 687–88, 105 S.Ct. 1568.

█ Finally, appellants contend that their consent to a search of their vehicle was not voluntary. We disagree. Consent is an exception to the warrant requirement when it is given freely and voluntarily. *See Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). We consider the totality of circumstances when determining the voluntariness of an individual's consent. *Id.* at 233, 93 S.Ct. 2041.

█ In this case, the district court did not clearly err in holding that the consent to search was voluntary. The appellants signed a written consent to the search; there was no physical force or threat of physical force, no prolonged detention or questioning, no deprivation of food or sleep, and no threat of unreasonable detention if they did not consent. In addition, the officers did not have their guns drawn when the consent was obtained, nor did the officers threaten to get a search warrant if the appellants did not consent. *See Bustamonte,* 412 U.S. at 226, 93 S.Ct.

2041; *Murillo,* 255 F.3d at 1175; *United States v. Whitworth,* 856 F.2d 1268, 1279 (9th Cir.1988), *cert. denied,* 489 U.S. 1084, 109 S.Ct. 1541, 103 L.Ed.2d 846 (1989).

AFFIRMED.